# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEMITRIUS WAYNE ALEXANDER,** ) ) ) **Plaintiff,** ) ) vs. ) ) **JEFFERSON COUNTY JAIL SHIFT COMMANDER JOHN DOE, et al.,** ) ) ) ) ) **Defendants.** ) | Civil Action Number **2:20-cv-00127-AKK-SGC** |

## MEMORANDUM OPINION

Demitrius Wayne Alexander, who is currently incarcerated at the Stanton Correctional Facility in Elmore, Alabama, commenced this action under 42 U.S.C. § 1983 against an unknown shift commander and cubicle officer at the Jefferson County Jail in Birmingham, Alabama. Doc. 1. The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint, or any portion thereof, if the court finds the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Alexander's § 1983 claims arise from an incident that occurred on March 1, 2014. Alexander alleges that an unknown cubicle operator called him "out of cellblock to the cube" and "asked [Alexander] 'who's Auntie did you kill?'" Doc. 1 at 3-4. Alexander "replied that [he] never killed anyone," and the operator sent Alexander back to his cell. *Id.* at 4. When Alexander returned to his cell, "the victim's in [his] case nephew along with [his] cellmate locked the cell door and viciously assaulted [him]." *Id.* Alexander seeks compensatory and punitive damages for his relief.

Because there is no federal statute of limitations for actions brought under 42 U.S.C. § 1983, the statute of limitations for § 1983 actions is determined by the state's general statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Thus, Alabama's two-year statute of limitations applies to Alexander's claims. *See* Ala. Code § 6-2-38(l); *Holt v. Valls*, 395 F. App'x 604, 606 (11th Cir. 2010). Alexander's § 1983 claims in this action are based on events that occurred more than two years ago and, therefore, are time-barred. *See* doc. 1 at 3-4. Accordingly, Alexander's complaint fails to state a claim upon which relief may be granted, and this case is due to be dismissed pursuant to 28 U. S. C. § 1915A(b)(1). A separate final judgment will be entered.

**DONE** the 12th day of February, 2020.

                                                          _____
                                                              **ABDUL K. KALLON**
                                                   UNITED STATES DISTRICT JUDGE